# IN THE UNITED STATES DISTRICT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| MEANITH HUON, ) | |
| **Plaintiff,** ) | |
| v. ) | CIVIL ACTION NO. |
| ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |
| ABOVETHELAW.COM, ) | |
| DAVID LAT, ) | |
| ELIE MYSTAL, ) | |
| BREAKINGMEDIA.COM, ) | |
| JOHN LERNER, ) | |
| DAVID MINKIN, ) | |
| BREAKING MEDIA. ) | |
| JOHN DOES 1 to 100, ) | |
| **Defendants,** ) | |

## COMPLAINT

Plaintiff, Meanith Huon, complaining of the Defendants, states as follows:

## CAUSE OF ACTION

1. This a diversity action that is brought pursuant to 28 U.S.C. Section 1332 for defamation, defamation per se, false light invasion of privacy, intentional infliction of emotional distress.

2. The matter in controversy exceeds $75,000, exclusive of costs and interest.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1332.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b). A substantial part of the events or omissions giving rise to the claim occurred within the district.

## THE PARTIES

5. Plaintiff, Meanith Huon (hereinafter referred to as "Mr. Huon"), was at all

relevant times a citizen of the United States and a resident of Cook County, Illinois.

6. On information and belief, Defendant, Breaking Media a/k/a Breakingmedia.com, is a citizen of New York. Defendant Breaking Media owns and operates the website Abovethelaw.com. On information and belief, Defendant, Abovethelaw.com, is a citizen of New York.

7. On information and belief, Defendant, David Lat, is a citizen of New York. Defendant Lat is the managing editor of Abovethelaw.com website. On information and belief, Defendant, John Lerner, is a citizen of New York and CEO of Abovethelaw.com and Breaking Media. On information and belief, Defendant, David Minkin, is a citizen of New and publisher of Abovethelaw.com website and Breaking Media.

8. On information and belief, Defendant, Elie Mystal, is a citizen of New York. Defendant Mystal is a write and editor for Abovethelaw.com.

9. On information and belief, the John Does 1 to 100 are users and visitors of Abovethelaw.com.

.

## FACTS

10. On May 6, 2010, Plaintiff, Meanith Huon, was acquitted of sexual assault charges in Madison County, Illinois, after the jury deliberated for 2 hours.

11. On May 6, 2010, after Mr. Huon was acquitted, Defendant Elie Mystal, posted the following on Abovethelaw.com:

Rape Potpourri

We've got a couple of rape stories . . .

Our next story from the files of the wanton and depraved is a little more in our wheelhouse. A St. Louis-area lawyer came up with an excellent little game to meet women. Meanith Huon allegedly listed Craigslist ads where he claimed to be a talent scout for models.

. . .

But Huon's potentially harmless lies allegedly turned dastardly, pretty quickly.

The victim said she responded to a Craigslist ad posted by Huon in late June, seeking promotional models , sending ger resume, her phone number, and two pictures of herself . . .

And this people, is why God invented Google. Had the victim Google Huon, she would have found stories like this from the Madison County Record:

> A Chicago attorney who was posing as a supervisor for a company that sets up promotions for alcohol sales at area bars was charged in Madison County July 2, with two counts of criminal sexual assault, two counts of criminal sexual abuse and one count of unlawful restraint . . .
>
> Meanith Huon, 38, of 3038 S Canal St. in Chicago, was arrested by the Chicago Police Department on July 1, and was transferred to Madison County the next day.
>
> Or she might have come across this link from, at Lawyer Gossip:
>
> Lawyer, Meanith Huon, 39, who was originally charged with criminal sexual assault, sexual abuse and unlawful restraint is now facing charges of harassment and cyber stalking!
>
> Of course, women shouldn't have to assume that every guy they meet is a potential rapist.

But apparently there are a lot of depraved dude walking around that are potential rapist.

> In any event:
>
> Huon and the woman went to a couple of bars near Busch Stadium, then to a Laclede's Landing bar before Huon asked the victim if she wanted to go to Pop's in Sauget to meet the other models.
>
> The woman agreed, but told Huon she didn't have enough gas in her car, so she went with him, she said.

3

> This is gonna end badly.
>
> As Huon's Honda Civic crossed the poplar Bridge, the victim said Huon drove past the Sauget exit and continued north on Interstate 55. As the car was moving, Huon fondled the woman, then forced her to perform oral sex on him, the victim, said.
>
> Oh, come on. If somebody was driving and tried to "force" me to perform oral sex on them, I'd just get out of the stupid car. Which is to say, I'd do *exactly* what the victim did in this case.
>
> . . .
>
> Damn. If you can't get a woman to consensually stay in a moving vehicle, can you really get her to consensually agree to sex (insofar as lying to her about your job and your intentions to get her into the car counts as consensual in the first place)?
>
> Obviously, Huon sees things differently.
>
> . . .
>
> So we're not denying that she hurled herself out of a moving vehicle, we're contending she jumped out of the car to make it look like she was raped? Right, sure. That sounds like the definition of incredible.
>
> It seems to me that there is entirely too much (alleged) raping going on in this country. If this keeps up, men and women are going to have to start carrying around sexual consent forms on their persons. . . .

A copy of the entire article is attached as Exhibit A and incorporated into this complaint.

12. The aforesaid statement is false. Defendants omit that the same complainant is involved in all 3 articles. Had Defendants read the original source of the news, Defendants

4

would have realized that the Madison County Record and Lawyer Gossip were all discussing the same woman.

13. On information and belief, the John Does 1 to 100 are users and visitors of Abovethelaw.com and Breaking Media websites who posted defamatory comments about Mr. Huon.

## COUNT I (FALSE LIGHT)

1-13. Plaintiff hereby incorporates by reference the above paragraphs of this Complaint as if the same were set forth fully herein.

14. In recklessly stating and intimating that there were other women that Mr. Huon allegedly rape and not explaining that the same woman is the subject of all 3 stories, Defendants invaded Mr. Huon's privacy by portraying him in a false light.

15. The false light in which Defendants portrayed Mr. Huon would be highly offensive to a reasonable person, in that the suggestion of the article is that Mr. Huon got away with rape.

16. Defendants had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which Mr. Huon would be placed.

17. As the result of so portraying Mr. Huon, Mr. Huon sustained severe personal injuries including, but not limited to, emotional distress, irreparable damage to his reputation, loss of standing in the community, and injury to his professional reputation.

18. Defendants' acts of so portraying Mr. Huon were reckless, outrageous, willful, and malicious, warranting the imposition of punitive damages.

## **COUNT II (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

1-13. Plaintiff hereby incorporates by reference the above paragraphs of this Complaint as if the same were set forth fully herein.

14. Defendants' acts of perpetuating false and inflammatory information concerning Mr. Huon, specifically, that he was a serial rapist, constituted extreme and outrageous conduct.

15, In making such false and inflammatory comments, Defendants intentionally and recklessly caused severe emotional distress to Mr. Huon.

16. As the result of Defendants' false and inflammatory comments concerning Mr. Huon, he sustained bodily harm, including, but not limited to emotional distress, irreparable damage to his reputation, loss of standing in the community, and inability to obtain employment.

17. Defendants' acts of so portraying Mr. Huon were reckless, outrageous, willful, and malicious, warranting the imposition of punitive damages.

## **COUNT III (DEFAMATION)**

1-13. Plaintiff hereby incorporates by reference the above paragraphs of this Complaint as if the same were set forth fully herein.

15. The content of the article were defamatory in that it incorrectly and recklessly portrayed Mr. Huon as a serial rapist by treating the same complaining witness as three different women.

16. The publication of the article constitutes publications by Defendants.

17. The erroneous and inflammatory comments concerning Mr. Huon were applied to Mr. Huon on the entire web page . Any and all viewers of the article understood the defamatory

(i.e. criminal, loathsome, immoral) meaning of the erroneous inflammatory information concerning Mr. Huon's allegedly being a serial rapist.

18. Mr. Huon sustained special harm as a result of the publication of the erroneous and inflammatory communications by Defendants, including, but not limited to, the loss of his professional reputation.

19. Moreover, as the result of the defamatory publication referred to herein, Mr. Huon has sustained irreparable harm to his reputation, emotional distress and loss of standing in the community.

20. Defendants are privileged to broadcast the defamatory article.

21. Defendants acts described herein were reckless, outrageous, willful, and malicious, warranting the imposition of punitive damages.

## COUNT IV (DEFAMATION PER SE)

1-13. Plaintiff hereby incorporates by reference the above paragraphs of this Complaint as if the same were set forth fully herein.

14. The content of the article were defamatory in that it incorrectly and recklessly portrayed Mr. Huon as a serial rapist by treating the same complaining witness as three different women.

15. The publication of the article constitutes publications by Defendants.

16. The erroneous and inflammatory comments concerning Mr. Huon were applied to Mr. Huon on the entire web page . Any and all viewers of the article understood the defamatory (i.e. criminal, loathsome, immoral) meaning of the erroneous inflammatory information concerning Mr. Huon's allegedly being a serial rapist.

17. Mr. Huon sustained special harm as a result of the publication of the erroneous and inflammatory communications by Defendants, including, but not limited to, the loss of his professional reputation.

18. Mr. Huon sustained special harm as a result of the publication of the erroneous and inflammatory communications by Defendants, including, but not limited to, the loss of his professional reputation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Meanith Huon, requests the following relief:

1. An award of economic and compensatory damages to Plaintiff and against Defendants, jointly and severally, in an amount to be determined at trial;

2. An award of punitive damages to Plaintiff and against Defendants, jointly and severally, in the amount of 50,000,000 (Fifty Million Dollars) or in an in an amount to be determined at trial.

3. An order for injunctive relief against Defendants and their employees from retaliating against Plaintiff;

4. The transfer of the domain abovethelaw.com to Plaintiff.

5. An award of costs;

6. As well as any other relief this Court deems just and appropriate

.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff, Meanith Huon,

demands a jury trial on all issues triable.

May 6, 2011

                                        ___/s/Meanith Huon_____
                                        Meanith Huon

Meanith Huon
The Huon Law Firm
PO Box 441
Chicago, Illinois 60690
1-312-405-2789
FAX No.: 312-268-7276
ARDC NO. 6230996