THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEANITH HUON, | ) |
|         Plaintiff, | ) |
| | ) CIVIL ACTION NO.: |
|    -against- | ) 1:11-CV-3054 (MEA JTG) |
| | ) |
| ABOVETHELAW.COM, DAVID LAT, ELIE MYSTAL, BREAKINGMEDIA.COM, JOHN LERNER, DAVID MINKIN, BREAKING MEDIA, JOHN DOES 1 TO 100, GAWKER MEDIA A/K/A GAWKER.COM, JEZEBEL.COM, NICK DENTON, IRIN CARMON, GABY DARBYSHIRE, JOHN DOES 101 TO 200, LAWYERGOSSIP.COM, JOHN DOE NO. 201, NEWNATION.ORG A/K/A NEWNATION.TV A/K/A NEW NATION NEWS, JOHN DOE NO. 401, JOHN DOE NO. 402, JOHN DOE NO. 403, | ) |
|         Defendants | ) |

**GAWKER DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PRO. 12(B)(6), 735 ILCS 110/5, 47 U.S.C 230, AND 805 ILCS 180/10-10**

**NOW COME THE DEFENDANTS**, Gawker Media a/k/a Gawker.com, Jezebel.com, Nick Denton, Irin Carmon, and Gaby Darbyshire (collectively, "Gawker," or "Defendants"), by their attorneys, Oren Giskan and David Feige of Giskan Solotaroff Anderson & Stewart LLP, and move this court to dismiss plaintiff's complaint with prejudice pursuant to Fed. R. Civ. Pro. 12(b)(6) for failing to state a claim upon which relief can be granted, the Illinois Citizen Participation Act (ICPA) 735 ILCS 110/5, which protects speech in the face of Strategic Lawsuits Against Public Participation (SLAPPs), Section 230 of the Communications Decency Act which protects Defendants

against liability for any comments posted on Defendants website by third parties, 805 ILCS 180/10-10: which immunizes managers, could not harm plaintiff's already damaged reputation "incremental harm" and basic rules of statutory construction which prevent plaintiff from suing under criminal laws such as cyberstalking and cyberbullying that provide no private civil right of action.

1. Plaintiff Meanith Huon ("Plaintiff") alleges six claims against the Gawker Defendants all based on a post on the website Jezebel.com, which linked to a post on Abovethelaw.com. (I) false-light invasion of privacy, (II) intentional infliction of emotional distress, (III) defamation, (IV) defamation per se, (V) cyberstalking, and (VI) civil conspiracy.

2. While Plaintiff's complaint is a bit hard to decipher and is filled with a large number of statements that it appears Plaintiff wishes were included in the post rather than complaints about those that were, none of the allegations made by plaintiff constitute defamation because the statements that Plaintiff identifies either (a) are privileged as fair reports of judicial proceedings, (b) are non-actionable opinion and rhetorical hyperbole, (c) are allegations of defamation per quod that are not supported by allegations of special damages, (d) would not tend to harm Plaintiff's reputation ("incremental harm") (e) are not about Plaintiff, and/or (f) are not actually contained in the Post.

3. The Court should dismiss Plaintiff's claim for false-light invasion of privacy for the same reasons.

4. The Court should dismiss Plaintiff's claim for intentional infliction of emotional distress because the statements that Plaintiff alleges are subject to the fair report privilege and are non-actionable opinion and rhetorical hyperbole, and because Plaintiff has not

alleged extreme and outrageous conduct.

5. The Court should dismiss Plaintiff's claim of cyberstalking under 720 ILCS 5/12-7.5 because that statute does not provide a private cause of action, the statute does not apply to the Post, and Plaintiff's claim is based on constitutionally-protected fair reports of governmental proceedings.

6. The Court should dismiss Plaintiff's claim of conspiracy because he has no underlying tort claim and has not adequately alleged a conspiracy.

7. The court should dismiss the entire complaint as it violates the Illinois Citizen Participation Act (ICPA) 735 ILCS 110/5, which protects speech in the face of Strategic Lawsuits Against Public Participation.

8. As Plaintiff has failed to allege a sufficient nexus between the tortuous conduct and Gaby Darbyshire or Nick Denton and the court should dismiss all of Plaintiff's claims against them pursuant to 805 ILCS 180/10-10.

9. The Court should dismiss Plaintiff's defamation claims concerning comments posted on defendant's website pursuant to Section 230 of the Communications Decency Act which shields Defendants against liability for any comments posted by third parties, and republished material.

WHEREFORE, the Gawker Defendants respectfully request that the Court dismiss each and every claim in Plaintiff's Second Amended Complaint with prejudice, and provide such further relief as is just and proper.

Dated: New York, New York
September 29, 2011

Respectfully Submitted,

GAWKER MEDIA A/K/A
GAWKER.COM, JEZEBEL.COM,
NICK DENTON, IRIN CARMON
& GABY DARBYSHIRE,

By: ____/S/  Oren Giskan_____
One of their attorneys

Oren S. Giskan
GISKAN SOLOTAROFF ANDERSON
& STEWART LLP
11 Broadway, Suite 2150
New York, NY 10004
T: 212.847-8315
F: 646.520.3235
ogiskan@gslawny.com

Cc: David Feige
GISKAN SOLOTAROFF ANDERSON
& STEWART LLP
11 Broadway, Suite 2150
New York, NY 10004
T: 212.847-8315
F: 646.520.3235
David@DavidFeige.com