THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEANITH HUON, | ) |
|     Plaintiff, | ) |
| | ) CIVIL ACTION NO.: |
|   v. | ) 1:11-CV-3054 (MEA JTG) |
| | ) |
| GAWKER MEDIA A/K/A GAWKER.COM, | ) |
| JEZEBEL.COM, NICK DENTON, IRIN | ) |
| CARMON & GABY DARBYSHIRE, et al., | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**SUMMARY OF THE
MEMORANDUM IN SUPPORT OF GAWKER MEDIA DEFENDANTS'
MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) AND ITS EXHIBITS**

    Defendants Gawker Media a/k/a Gawker.com, Jezebel.com, Nick Denton, Irin Carmon, and Gaby Darbyshire (collectively, "Gawker," or "Defendants"), by their attorneys, Oren Giskan and David Feige of Giskan Solotaroff Anderson & Stewart LLP are filing this summary of their memorandum in support of their Rule 12(b)(6) motion to dismiss ("Memorandum") pursuant to the Court's December 5, 2011, order.

    <u>Background.</u>  Plaintiff Meanith Huon alleges several claims against the Gawker Defendants based on an eleven sentence post which reported properly about a seperate lawsuit plaintiff had already filed against AbovetheLaw.com ("ATL")(the "Post").  The ATL post in turn had reported on Plaintiff's trial for sexual assault.

    Each and every legal theory put forth by Plaintiff fails.

    At Paragraphs 47-82 of the Second Amended Complaint, Plaintiff identifies no less than thirty separate reasons why he believes the Post is actionable.

<u>Defamation and false light claims.</u> For the most part, Plaintiff disputes the accuracy of the trial testimony that the AbovetheLaw.com post describes as well as the description of the instant lawsuit in the Post on Jezebel.com; however, the Post's description of the trial and the instant lawsuit is privileged as a fair report of a governmental proceeding.

The Post's commentary on the trial testimony and the instant lawsuit is privileged for the same reason and also as an expression of opinion and rhetorical hyperbole. Plaintiff also fails to state a claim for defamation, false light, or invasion of privacy because he does not allege special damages. Finally, many of the statements that Plaintiff identifies in Paragraphs 74-75 of his Second Amended Complaint are clearly not actionable because they plainly do not refer to Plaintiff, would not tend to harm his reputation, or simply do not appear in the eleven sentence Post at all.

<u>Other causes of action.</u> Plaintiff also alleges claims of intentional infliction of emotional distress, conspiracy, and cyberstalking. The emotional distress claim fails for the same reasons as the defamation and false light claims and also because Plaintiff does not allege "extreme and outrageous" conduct. Plaintiff's bizarre invocation of the cyberstalking claim is based on Illinois's criminal stalking law—something that provides no private right of action. The Court should also dismiss Plaintiff's conspiracy claim as he has not even alleged any facts that might support a consipracy, nor has he managed to properly claim a conspiracy among the defendants. Because of the volume of Plaintiff's allegations, the Gawker Defendants attached a chart to their Memorandum marked Exhibit F that specifies which defenses apply to which of Plaintiff's allegations and

provided a breakdown of defenses as they apply to each of the eleven sentences of the post. That Chart is attached to the Gawker Defendant's Memorandum as Exhibit F.

Exhibit F lays out in a clear and concise fashion the Gawker Defendants arguments for dismissal. For each of Plaintiff's allegations, the chart provides the corresponding language of the Post (if any exists) and identifies the defenses that apply to that allegation. Additionally, to the extent that any portion of the transcript of Plaintiff's trial is relevant to consideration of an allegation, the chart lists the page of the transcript on which the relevant testimony occurs.

As there are other factors to be considered in a defamation claim, Defendants also attached additional exhibits. They include:

Exhibit A – Telegraph Article. The Telegraph article published in 2009 describes Plaintiff's arrest in July 2008, when he "allegedly forced a woman to have oral sex with him, fondled her vaginal area and her breasts and refused to let her out of the car while driving on I-55 into Madison County." The Telegraph article also describes how Plaintiff was subsequently arrested and charged in 2009 for "harassing of a witness and cyber stalking."

Exhibit B – Indictment Sheet. Exhibit B is the indictment sheet which charged Plaintiff in July 2008 with with 2 counts of Criminal Sexual Assault, 1 count of Unlawful Restraint, and 2 counts of Criminal Sexual Abuse in Madison County, Illinois.

Exhibit C – Indictment Sheet. Exhibit C is the indictment sheet which charged Plaintiff in July 2009 with 1 count of Harassment of Witness and 1 count of Cyberstalking in Madison County, Illinois.

<u>Exhibit G – Forbes Article</u>. Published before the Jezebel Post, the Forbes article describes Plaintiff's instant lawsuit against AbovetheLaw.com and Breaking Media.

| | |
|---|---|
| Dated: New York, New York<br>December 31, 2011 | Respectfully Submitted,<br><br>GAWKER MEDIA A/K/A<br>GAWKER.COM, JEZEBEL.COM,<br>NICK DENTON, IRIN CARMON<br>& GABY DARBYSHIRE,<br><br>By: \_\_\_\_/S/ David Feige_____<br>One of their attorneys |

David Feige
Oren S. Giskan
GISKAN SOLOTAROFF ANDERSON
& STEWART LLP
11 Broadway, Suite 2150
New York, NY 10004
T: 212.847-8315
F: 646.520.3235
David@DavidFeige.com

## CERTIFICATE OF SERVICE

Under penalties of law, I attest the following documents or items have been or are being electronically served on all counsel of record for all parties on 1/16/12.

| | |
|---|---|
| Dated: New York, New York<br>December 31, 2011 | Respectfully Submitted,<br><br>By: \_\_\_\_/S/ David Feige_____<br>David Feige |

David Feige
Oren S. Giskan
GISKAN SOLOTAROFF ANDERSON
& STEWART LLP

11 Broadway, Suite 2150
New York, NY 10004
T: 212.847-8315
F:  646.520.3235
David@DavidFeige.com