THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEANITH HUON,<br>        Plaintiff,<br><br>  -against-<br><br>GAWKER MEDIA a/k/a GAWKER.COM,<br>JEZEBEL.COM, NICK DENTON, IRIN<br>CARMON & GABY DARBYSHIRE<br><br>        Defendants. | CIVIL ACTION NO.:<br>1:11-CV-3054 (MEA JTG) |

### RESPONSE TO PLAINTIFF'S AMENDED REQUEST TO STRIKE AND MOTION TO DISCLOSE THE NAME AND ADDRESS OF THE VICTIM IN THE CRIMINAL CASE AGAINST HIM

Plaintiff having withdrawn his previous motion to strike and for sanctions, now seeks two remedies in his recently filed amended motion: First, plaintiff wants "Exhibit A" of filing 109 (a copy of a police report concerning one of Mr. Huon's arrests) stricken—something the Gawker Defendants consented to within hours of Mr. Huon's alerting them to his preference for redaction. That exhibit, redacted to plaintiff's apparent satisfaction has long since been re-filed as Exhibit C of filing 114.

Plaintiff's second request, however, is more troublesome. Plaintiff seeks "*The complete unredacted Exhibit A.*" The problem is this: the only information that was redacted in the exhibit as initially filed concerns the **name, home address, and other identifying information of the VICTIM** of Mr. Huon's alleged criminal behavior. Article 1, section 8.1 (a)(1) of the Illinois Constitution guarantees crime victims "the

right to be treated with fairness and respect for their dignity and privacy throughout the criminal justice process."

### **Plaintiff has provided no reason, legal basis, Or argument to support his demand for what is essentially the disclosure of his alleged victim's name and home address**

Plaintiff has provided no reason, no legal basis, and no argument for his demand for what is essentially the disclosure of his alleged victim's name and home address, and counsel cannot imagine how such information is relevant to the civil proceedings herein.

It is odd that Plaintiff (who was himself arrested in the case the exhibit relates to) claims not to have seen the exhibit nor to be able to obtain it.  Though counsel has no reason to doubt Plaintiff's claim, it seems more likely that Plaintiff cannot obtain an <u>unredacted</u> copy which included the private information of the victim on it, and is thus using the civil justice system to obtain it.  Such a tactic is simply improper and should not be condoned by this court.

What seems clear upon a review of Plaintiff's extensive filings on this issue, is that it is this attempt--to procure information concerning the complaining witness in the criminal case against him--that seems to be the motivating factor for his initial demands for sanctions, his subsequent reiteration of a motion defendant's consented to within hours, and finally, this amended request.  There is no reason to order the Defendants to provide plaintiff with personal information concerning his alleged victim, and the Gawker Defendant's oppose Plaintiff's attempt to do so.

                                                             Respectfully Submitted,

Dated: January 18, 2012
New York, New York

                                          GAWKER MEDIA A/K/A
                                          GAWKER.COM, JEZEBEL.COM,

                                                NICK DENTON, IRIN CARMON
                                                & GABY DARBYSHIRE,

                                     By: \_\_\_\_/S/ David Feige_____
                                                  One of their attorneys

David Feige
GISKAN SOLOTAROFF ANDERSON
& STEWART LLP
11 Broadway, Suite 2150
New York, NY 10004
T: 212.847-8315
F: 646.520.3235
David@DavidFeige.com

## CERTIFICATE OF SERVICE

Under penalties of law, I attest the following documents or items have been or are being

electronically served on all counsel of record for all parties on 1/18/12

Dated: New York, New York                            Respectfully Submitted,
January 18, 2012

                                                        By: \_\_\_\_/S/ David Feige_____
                                                              David Feige

David Feige
Oren S. Giskan
GISKAN SOLOTAROFF ANDERSON
& STEWART LLP
11 Broadway, Suite 2150
New York, NY 10004
T: 212.847-8315
F: 646.520.3235
David@DavidFeige.com