# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3054 | **DATE** | 9/14/2012 |
| **CASE TITLE** | Huon vs. Breaking Media, LLC et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the statement section of this order, Plaintiff Meanith Huon's Third Amended Complaint [156] is dismissed, *sua sponte* and without prejudice, for lack of subject-matter jurisdiction. The plaintiff is granted leave to file a fourth amended complaint on or before 9/28/12, properly alleging complete diversity of citizenship. A status hearing will be conducted on 10/25/12 at 9:00 a.m.

■[ For further details see text below.]

# STATEMENT

Following this Court's dismissal of his second amended complaint for lack of subject matter jurisdiction due to the failure to plead complete diversity of citizenship, Plaintiff Meanith Huon ("Huon") filed a Third Amended Complaint in an effort to demonstrate that jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Huon and all of the defendants. The Court finds that Huon's allegations are again insufficient to determine whether the Court properly has jurisdiction over this lawsuit. The Third Amended Complaint is therefore dismissed without prejudice.

Huon makes at least two errors in attempting to allege complete diversity: first, he fails to allege the citizenship of each members of the LLC defendants, and second, he fails to allege the principal place of business of certain corporate defendants.

Among the defendants named in the Third Amended Complaint are Breaking Media, LLC, Gawker Media, LLC, Gawker Entertainment, LLC, Gawker Technology, LLC, and Gawker Sales, LLC (collectively the "LLC Defendants"). For each of the LLC Defendants, Huon alleges (at most) only its state of organization and its principal place of business. Cmplt. ¶¶ 10, 18, 21-23. The Seventh Circuit has repeatedly stressed, however, that for an LLC "the citizenship of every investor counts." *White Pearl Inversiones S.A. v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011); *see also Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members."). "If even one investor in an LP or LLC has the same citizenship as any party on the other side of the litigation, complete diversity is missing and the suit must be dismissed." *White Pearl*, 647 F.3d at 686. Because Huon does not allege the citizenship of the LLC Defendants' investors or members, the proposed amended complaint fails to allege adequately that complete diversity exists.

Second, Huon fails to allege the principal place of business for defendants Blogwire Hungary Szellemi Alkotast Hasznosito KFT ("Blogwire") and Gawker Media Group, Inc. Cmplt. ¶¶ 19-20. Under 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated *and of the state or foreign state where it has its principal place of business*." (emphasis added). With no allegations as to these defendants' principal places of business, the Court cannot determine whether complete diversity of citizenship exists. *See McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 845 n. 10 (7th Cir. 2009) ("The state of incorporation and the principal place of business must be alleged in the complaint."); *Smith v. City of Chicago*, 992 F. Supp. 1027, 1032 (N.D. Ill. 1998) (dismissing complaint for, among other reasons, failure to allege Delaware corporation's principal place of business). Furthermore, the Court is unfamiliar with Hungarian "KFT" business entities, and therefore cannot determine whether Blogwire is properly classified as a corporation under 28 U.S.C. § 1332(c). *See White Pearl*, 647 F.3d at 686 (discussing the difficulty of classifying as "corporations" business entities from countries following the civil law tradition). If Huon wishes to maintain claims against Blogwire, he must include allegations regarding whether Blogwire is a "corporation," and if so, its state or country of incorporation and principal place of business.

This order is not intended to suggest that there are no other defects in the jurisdictional allegations of the Third Amended Complaint (or that the complaint is otherwise valid (or invalid) in any other respect) and is without prejudice to any parties' ability to raise any jurisdictional or other challenge to a fourth amended complaint, if it is filed and survives the Court's initial review of the adequacy of the jurisdictional allegations. The Court will not, however, require any putative defendant to respond to a complaint where that complaint does not, based on a facial review, adequately allege the Court's jurisdiction.

| | Courtroom Deputy | AIR |
|---|---|---|