IIN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEANITH HUON, | ) |
|                 Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.: 1: 11-cv-3054 |
| GAWKER MEDIA, et. al. | ) |
|                 Defendants | ) |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE**
**FOURTH AMENDED COMPLAINT**

Plaintiff, Meanith Huon, states as follow:

1. Plaintiff filed his Second Amended Complaint on July 21, 2011.

2. The Defendants filed Motions to Dismiss and Memorandum of Law with Exhibits that in total exceeded over 100 pages.

3. After several months of briefing, including sur-replies and summary of arguments, the parties fully briefed their case on or about January 31, 2012.

4. Defendants never raised the issue of subject matter jurisdiction. Defendants would be in the best position to know the citizenship of the members of its LLCs.

5. The Court had not ruled on the motions on or before August 1, 2012.

6. On or about August 1, 2012, the case was reassigned to the Hon. John Tharp.

7. On August 13, 2012, the Court *sua sponte* dismissed the Second Amended Complaint for lack of subject matter jurisdiction for, among other reasons, that Plaintiff had not

alleged the citizenship of the Defendants.

8. On or about September 12, 2012, Plaintiff filed a 60+ page Third Amended Complaint with exhibits.

9. On or about September 14, 2012, the Court dismissed the Third Amended Complaint for lack of subject matter jurisdiction for, among other reasons, that Plaintiff did not allege the citizenship for each of the members of the LLC Defendants, including Gawker Media, LLC, Gawker Entertainment, LLC, Gawker Technology, LLC, and Gawker Sales, LLC—entities that were formed in Delaware.

10. The Court gave Plaintiff 14 days to file a Fourth Amended Complaint.

11. On information and belief—from talking with the Office of the Corporation Division of the Delaware Secretary of State Corporation--Delaware does not require LLC to disclose its members.

12. Pertinent sections of the Delaware statute governing formations of LLCs omit the requirement that the members' identity be disclosed:

§ 18-201. Certificate of formation.

(a) In order to form a limited liability company, 1 or more authorized persons must execute a certificate of formation. The certificate of formation shall be filed in the office of the Secretary of State and set forth:

(1) The name of the limited liability company;

(2) The address of the registered office and the name and address of the registered agent for service of process required to be maintained by § 18-104 of this title; and

(3) Any other matters the members determine to include therein.

(b) A limited liability company is formed at the time of the filing of the initial certificate of formation in the office of the Secretary of State or at any later date or time specified in the certificate of formation if, in either case, there has been substantial compliance with the requirements of this section. A limited liability company formed under this chapter shall be a

separate legal entity, the existence of which as a separate legal entity shall continue until cancellation of the limited liability company's certificate of formation.

(c) The filing of the certificate of formation in the office of the Secretary of State shall make it unnecessary to file any other documents under Chapter 31 of this title.

(d) A limited liability company agreement shall be entered into or otherwise existing either before, after or at the time of the filing of a certificate of formation and, whether entered into or otherwise existing before, after or at the time of such filing, may be made effective as of the effective time of such filing or at such other time or date as provided in or reflected by the limited liability company agreement. 68 Del. Laws, c. 434, § 1; 69 Del. Laws, c. 260, § 7; 70 Del. Laws, c. 75, § 5; 76 Del. Laws, c. 105, § 9; 78 Del. Laws, c. 270, § 2.;

13. In addition, Plaintiff Meanith Huon has other professional obligations including running a personal injury law firm for another attorney, VanPopering Law Offices, and representing Flava Works, Inc. in all its copyright litigation in Illinois. He also represents other clients in his law practice.

14. 14 days is not sufficient time for Mr. Huon to file a Fourth Amended Complaint with additional facts or case law.

15. Mr. Huon will need additional time to file a Fourth Amended Complaint.

16. Defendants will suffer no prejudice since there is no operative complaint on file and, thus, discovery can not be initiated.

WHEREFORE, Plaintiff, Meanith Huon, requests that this Honorable Court grant Mr. Huon 60 days to file a Fourth Amended Complaint.

    Respectfully submitted,

    /s/ Meanith Huon
    Meanith Huon
    PO Box 441
    Chicago, Illinois 60690
    Phone: (312) 405-2789
    E-mail: huon.meanith@gmail.com
    IL ARDC. No.: 6230996

**IIN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **MEANITH HUON,** | ) ) | |
| **Plaintiff,** | ) | |
| v. | ) | **CIVIL ACTION NO.: 1: 11-cv-3054** |
|  | ) ) ) | |
| **GAWKER MEDIA, et. al.** | ) | |
| **et. al.** | ) ) | |
| **Defendants** | ) | |

**NOTICE OF FILING**

Please take notice that on or before September 14, 2012, plaintiff, Meanith Huon, has filed the following documents or items:

    1.    **PLAINTIFF'S MOTION FOR EXTENSION OF TIME**

The documents or items have been or are being electronically served on all counsel of record for all parties.

    Respectfully submitted,
    /s/ Meanith Huon
    Meanith Huon
    PO Box 441
    Chicago, Illinois 60690
    Phone: (312) 405-2789
    E-mail: huon.meanith@gmail.com
    IL ARDC. No.: 6230996